CORNELIUS MAHONEY *vs.* GEORGE PORTER & Wife & Trustee.

An annuity, bequeathed to the sole and separate use of a married woman, and in the hands of a trustee to be paid to her for that purpose, is not chargeable for the debts of her husband.

THE questions decided in this case arose upon the following answers of Charles Pope, the supposed trustee : —

" 1. I am trustee under the will referred to, [that of Joseph Bumstead, late of Boston,] and discharge the trusts therein prescribed to the trustee.

" 2. The above named Catharine Porter [the female defendant] is one of the legatees named in said will, and entitled to a certain portion of the annual income of the trust property.

" Various restrictions and limitations affect the amount which she is to receive, such as the amount of income yielded by the trust property, the number of legatees living, among whom the same is to be divided, the conduct of certain legatees, &c.

" In regard to the share of Mrs. Porter, provided the estate yielded a clear income of eight hundred dollars and upwards, she would be entitled to an annual legacy, in her own right,

of sixty dollars per annum. She is further entitled, as guardian of her children, to the annual receipt of forty dollars, in behalf of each of her male children, and sixty dollars on behalf of each of her female children, subject, as before, to the contingency of the estate yielding the full sum of eight hundred dollars per annum.

" The legacy payable to Mrs. Porter is payable to her sole use, and free from the control and interference of her husband, as this respondent is advised and counselled, and as he has hitherto practised under the sanction of the court of probate for Suffolk county.

" 3. The amount payable to said Catharine Porter, which, in his capacity as trustee under said will, the respondent proposed and was ready to pay her on her own account, and in her own right, at the time of the service of the plaintiff's process upon him, was fifteen dollars."

The supposed trustee being discharged in the court of common pleas with costs, the plaintiff appealed to this court.

*J. Harrington,* for the plaintiff.

*G. Bemis,* for the trustee.

BY THE COURT. We have no copy of the record showing the cause of action in the present case ; but it is stated, by the counsel for the plaintiff, to be an action against husband and wife, on an order drawn by them both, as drawers, for non-acceptance or non-payment.

1. The wife is not liable to be sued jointly with her husband, or alone during coverture, nor is she bound by any contract made during coverture.

2. An order made by a *feme covert,* either alone or with her husband, though, in a proper case, it may be valid as an authority or power, cannot, though refused acceptance or payment, bind her as a contract in the capacity of drawer.

3. If the name of the wife were stricken out and the husband sued alone, the annuity in the hands of the trustee, held to the sole and separate use of the wife, could not be chargeable, in the trustee process, for the debts of the husband. *Trustee discharged.*